## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

PAULA P.,[1]

    **Plaintiff,**

        **v.**

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,[2]

    **Defendant.**

**Case No. 19 C 00365**

**Magistrate Judge Beth W. Jantz**

## MEMORANDUM OPINION AND ORDER

Plaintiff Paula P. brings this action under 42 U.S.C. § 405(g) for review of the Commissioner's decision denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act. The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), and filed cross-motions for summary judgment. For the reasons stated below, the case is remanded for further proceedings consistent with this Opinion.

## I. PROCEDURAL HISTORY

On July 11, 2014, Plaintiff applied for DIB and SSI, alleging that she became disabled on January 1, 2011 because of arthritis, stage 1 breast cancer, chronic

---

[1] In accordance with Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Andrew Saul as the named defendant.

obstructive pulmonary disease ("COPD"), carpel tunnel syndrome, limited use of left side of body, severe pain, high cholesterol and sciatica. (R. at 66–67). Her claims were denied initially on February 9, 2015, and upon reconsideration on November 16, 2015, after which Plaintiff timely requested a hearing. (*Id.* at 78–79, 102–103). Plaintiff, represented by counsel, testified at a hearing before an Administrative Law Judge (ALJ) on July 21, 2017. (*Id.* at 31–57). The ALJ also heard testimony from Julie Bose, a vocational expert (VE). (*Id.*).

The ALJ issued a decision denying benefits on December 22, 2017. (R. at 16–34). Applying the five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since January 1, 2011, her alleged disability onset date. (*Id.* at 17). At step two, the ALJ found that Plaintiff's COPD, osteoarthritis of the knees and shoulders; and carpel tunnel syndrome of the right hand were severe impairments. (*Id.* at 18). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listings enumerated in the regulations. (*Id.* at 19).

The ALJ then assessed Plaintiff's Residual Functional Capacity (RFC) and determined that Plaintiff has the RFC to perform the full range of light work as defined in 20 C.F.R. §§404.1567(b) and 404.967(b), except with the following limitations:

> [S]he can occasionally lift and carry 10 pounds and frequently lift and carry less than 10 pounds, push and pull as much as she can lift and carry, and stand, walk, and sit for six hours in a typical eight-hour day. She can occasionally reach overhead with her left upper extremity and

> frequently handle and finger objects bilaterally. She can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She can occasionally handle objects that vibrate.

(R. at 19). At step four, based on Plaintiff's RFC and the VE's testimony, the ALJ determined that Plaintiff was able to perform her past relevant work as an Unarmed Security Guard. (*Id.* at 24). Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined by the Act, from the alleged onset date through the date of the ALJ's decision. (*Id.*).

On November 29, 2018, the Appeals Council denied Plaintiff's request for review. (R. at 1–6). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## II. DISCUSSION

The Court will uphold the ALJ's decision if it is supported by "substantial evidence"—that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation omitted). In reviewing the ALJ's decision, the Court may not "reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the" ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal quotation omitted). Although this review is deferential, it is not "a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The ALJ must build "an accurate and logical bridge" between the

evidence and his conclusion. *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020) (internal quotation marks omitted).

Plaintiff makes a number of arguments challenging the ALJ's decision. After reviewing the record and the parties' briefs, the Court is persuaded by Plaintiff's arguments that the ALJ erred by (1) failing to properly weigh the treating physician opinion evidence; and (2) failing to incorporate all of the limitations found in the RFC into the hypothetical posed to the VE.[3]

### A. Treating Physician Opinion Evidence

Under the "treating physician rule" that applies to Plaintiff's claim, the ALJ must assign a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c); *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018).[4]

Plaintiff's treating physician, Cia-Mattae J. Kamara, M.D., completed a Physical Residual Functional Capacity Questionnaire on June 1, 2015, concluding that Plaintiff: can sit and stand/walk for less than two hours in an eight-hour workday; needs to take unscheduled breaks due to muscular aches, joint pain, swelling, and breathing problems; needs to shift positions at will; needs to elevate her legs with prolonged sitting due to severe lower back pain; can never lift or carry; has

---

[3] Because the Court remands for these reasons, it need not address Plaintiff's other arguments at this time.

[4] The "treating physician rule" has been rescinded for claims filed after March 27, 2017 "to eliminate the 'controlling weight' instruction." *Kaminski v. Berryhill*, 894 F.3d 870, 874, n 1 (7th Cir. 2018) (comparing 20 C.F.R. § 404.1527(c) (for claims filed before March 27, 2016), with 20 C.F.R. § 404.1527(c) (for claims filed on or after March 27, 2017)).

significant limitations reaching/handling/fingering; must avoid humidity, dust, fumes, gases and heat; and is likely to be absent from work more than four days per month. (R. at 637–39).

The ALJ gave "very little weight" to Dr. Kamara's opinion because, according to the ALJ: (1) "it is inconsistent with the medical evidence of record as a whole;" and (2) "the examination findings on record do not support the noted limitations." (R. at 23). The ALJ only offers two examples of unsupportive physical examination findings, from October 2015 and March 2017 respectively. True, on October 12, 2015, cardiovascular disease doctor, Enrique D. Garcia Sayan, M.D., noted "normal extremities, no edema, and normal neck range of motion" on physical exam when Plaintiff presented for a follow up visit for heart palpitations. (R. at 658). But the ALJ fails to mention the treatment visit the following day where Plaintiff presented with deep, throbbing, low back pain that radiated to the right buttock. (*Id.* at 648). Dr. Kamara assessed moderate to severe low back pain that occurs persistently but fluctuates. (*Id.* at 648). She diagnosed Plaintiff with Lumbago with sciatica, right side, unstable, uncontrolled, and prescribed Medrol with Vicodin. (*Id.* at 651). The ALJ does not explain how physical examination findings on an isolated office visit contradict Dr. Kamara's assessment of persistent but *fluctuating* pain. The second example given by the ALJ of normal physical examination findings on March 28, 2017 during an Emergency Room visit for asthma exacerbation, (r. at 802–06), suffers the same shortcoming.

The ALJ fails to address a number of other physical findings throughout the record that could support Dr. Kamara's assessment. (*See, e.g.*, R. at 359–61 (findings of moderate to severe, uncontrolled pain, crepitus, decreased mobility, joint tenderness and decreased hip and knee strength); 373 (decreased range of motion in shoulders, elbow tenderness, crepitation in both knees); 333 (decreased range of motion of the shoulders, elbow tenderness, crepitations in knees); 365 (moderate to severe joint pain); 887 (worsening neuropathic pain associated with sciatica, prescribed Vicodin)). "The ALJ must confront the evidence that does not support [his] conclusion and *explain why that evidence was rejected*." *Moore v. Colvin,* 743 F.3d 1118, 1123 (7th Cir. 2014) (emphasis added). The ALJ did not do so here.

Moreover, even if a treating physician's opinion is not afforded controlling weight, the ALJ must determine what weight the opinion does merit by evaluating the length, nature, and extent of the treatment relationship; the frequency of examination; the consistency and supportability of the physician's opinion; and the physician's specialty. 20 C.F.R. § 404.1527(c); *Gerstner v. Berryhill*, 879 F.3d 257, 263 (7th Cir. 2018). The ALJ did not address a number of these requisite factors including the extent, nature and length of the treating relationship, the frequency of examinations and the physician's specialty. By failing to address these factors and by not confronting evidence noted above that could be supportive of Dr. Kamura's findings, the ALJ has not built "an accurate and logical bridge" from the evidence to

his conclusion and remand is warranted. *Jeske*, 955 F.3d at 587 (internal quotation marks omitted).

### B. Hypothetical Posed to the VE

The ALJ also erred by not including in his RFC and hypothetical posed to the VE his stated finding that Plaintiff was limited to "no more than occasional exposure to respiratory irritants." (R. at 23). "As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) (citing SSR 96–5p, 1996 WL 374183, at *5; 20 C.F.R. § 404.1545). When the hypothetical presented to the VE "does not include all of the limitations supported by medical evidence in the record, the decision of the ALJ that a claimant can adjust to other work in the economy cannot stand." *Young v. Barnhart*, 362 F.3d 995, 1005 (7th Cir. 2004).

The Commission admits that this was error, but argues that it was harmless because there is no evidence that the job of an unarmed security guard "involved *any* exposure to respiratory irritants." (Dkt. 23 at 11) (emphasis in original). But the Dictionary of Occupational Titles indicates that Other Environmental Conditions exist "Occasionally- Exists up to 1/3 of the time" for the position of security guard. DICOT 372.667-034 (G.P.O.), 1991 WL 673100. And courts have remanded when this environmental limitation was not adequately incorporated into the hypothetical posed to the VE. *See e.g.*, *McCristal v. Astrue*, No. 09 C 7044, 2011 WL 2648591, at *11 (N.D. Ill. July 5, 2011) (finding harmful error where the ALJ

determined that the claimant could return to work as a security guard but the ALJ's stated limitation to *concentrated exposure* to pulmonary irritants in the hypothetical posed to the VE did not match the ALJ's finding that the claimant was limited to *any exposure* to pulmonary irritants in the RFC).

Because the ALJ did not account for all of Plaintiff's limitations in his questions to the VE, the VE's assessment "necessarily is called into doubt, as is the ALJ's conclusion that [Plaintiff] is not disabled under the Social Security Act." *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018). The Court does not know whether Plaintiff would be found capable of performing her past work if the ALJ incorporated the environmental limitations into the hypothetical, as the VE did not testify about an individual's ability to perform Plaintiff's past work with such a limitation, (r. at 48– 56). Accordingly, remand is required.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's request to remand for additional proceedings [15] is **GRANTED**, and the Commissioner's motion for summary judgment [22] is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

E N T E R:

Dated: May 12, 2020

BETH W. JANTZ
United States Magistrate Judge